**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4037**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

MICHAEL EUGENE GOODWIN, a/k/a D.C., a/k/a D.C. Mike,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  Malcolm J. Howard,
Senior District Judge.  (7:09-cr-00065-H-1)

Submitted:  August 9, 2011          Decided:  September 6, 2011

Before WILKINSON, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville,
North Carolina, for Appellant.   Jennifer P. May-Parker,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Eugene Goodwin pled guilty in accordance with a written plea agreement to possession with intent to distribute heroin, 21 U.S.C. § 841(a) (2006), and was sentenced to 168 months in prison. Goodwin now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the sentence but stating that there are no meritorious issues for review. Goodwin was advised of his right to file a pro se supplemental brief but has not filed such a brief. We affirm.

I

According to the presentence investigation report (PSR), Goodwin was responsible for 2.4 grams of heroin and 450 grams of cocaine base, for a marijuana equivalent of 9,002.4 kilograms. His base offense level was 34. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2008). This was reduced by two levels pursuant to USSG § 2D1.1 cmt. n.10(D)(i). His base offense level under the Drug Quantity Table accordingly was 32.

Goodwin was a career offender. See USSG § 4B1.1(a) (2008). Because the maximum penalty to which he was subject was twenty years in prison, see 21 U.S.C. § 841(b)(1)(C) (2006), his offense level as a career offender also was 32. See USSG § 4B1.1(b)(C).

2

Three levels were subtracted based on acceptance of responsibility. See USSG § 3E1.1. Goodwin's total offense level was 29. He had twenty criminal history points, placing him in criminal history category VI. As a career offender, his criminal history category also was VI. See USSG § 4B1.1(b). Goodwin's advisory Guidelines range was 151-188 months.

Goodwin objected to the quantity of drugs considered to be relevant conduct—specifically, to 434 grams of crack cocaine attributed to him by Shawn Powell. After hearing testimony, the district court found by a preponderance of the evidence that Goodwin was accountable for the amount of drugs set forth in the PSR, including the 434 grams of crack in question.

The court sentenced Goodwin to 168 months in prison. In imposing sentence, the court considered the 18 U.S.C. § 3553(a) (2006) factors. The court stated that it had selected a sentence in the middle of the Guidelines range because of Goodwin's lengthy criminal record, history of assault, and disregard for prior periods of supervision.

II

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the

3

procedural and substantive reasonableness of the sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the defendant's advisory Guidelines range, we must decide whether the court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Properly preserved claims are subject to harmless error review. Lynn, 592 F.3d at 576. If the sentence is free of significant procedural error, we then review the substantive reasonableness of the sentence. Id. at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

Goodwin first claims that he was improperly treated as a career offender. Our review of the record strongly suggests that Goodwin was a career offender. See USSG § 4B1.1(a). However, we need not conclusively determine this issue because any error was harmless. Whether calculated based on his career offender status or under the Drug Quantity Table, Goodwin's total offense level was 29. Further, his criminal history category as a career offender was VI, and he had twenty criminal history points, also placing him in category VI. Thus, Goodwin's advisory Guidelines range was 151-188 months

regardless of whether the range was calculated based on career offender status or the Drug Quantity Table.

Goodwin also claims that crack cocaine was improperly treated as relevant conduct because he was charged only with a heroin offense. This claim lacks merit. It is well established that a sentencing court may, consistent with the Sixth Amendment, consider uncharged conduct in determining the sentence, as long as the conduct is established by a preponderance of the evidence. United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009), cert. denied, 130 S. Ct. 1923 (2010). Our review of the record supports the district court's treating both crack and heroin as relevant conduct for Guidelines purposes.

Finally, Goodwin argues that the Government erroneously failed to move for a downward departure based on his substantial assistance. The decision whether to file a USSG § 5K1.1 motion lies solely within the Government's discretion. United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001). Thus, unless the Government has obligated itself in the plea agreement to make such a motion, its refusal to do so is not reviewable absent evidence of an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-87 (1992); Butler, 272 F.3d at 686.

Here, nothing in Goodwin's plea agreement obligated the United States to make a § 5K1.1 motion. The agreement provided in pertinent part:

> That [the United States] will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the United States is not promising to move for departure pursuant to USSG § 5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35.

There is no evidence that the failure to move for a departure resulted from an unconstitutional motive.

We conclude that Goodwin's sentence is procedurally and substantively reasonable. See Gall v. United States, 552 U.S. at 51. The court properly calculated Goodwin's advisory Guidelines range, considered the pertinent § 3553(a) factors, considered the parties' arguments, and sufficiently explained the sentence. See id.; United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008).

III

After reviewing the entire record in accordance with Anders, we find that there are no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that

6

such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7